IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE MARTIN, III**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3695-L** |
| | § | |
| **WELLS FARGO BANK, N.A. and HSBC** | § | |
| **BANK USA, NATIONAL ASSOCIATION** | § | |
| as Trustee for **MASTR REPERFORMING** | § | |
| **LOAN TRUST 2005-2,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss Plaintiff's Original Complaint (Doc. 5), filed October 1, 2012. After carefully considering the motion, briefing, pleadings, and applicable law, the court **grants** Defendants' Motion to Dismiss Plaintiff's Original Complaint (Doc. 5), **dismisses** this action **with prejudice**, and **denies** Plaintiff's request for leave to amend his pleadings. The court also **denies as moot** Plaintiff's request for injunctive relief.

**I.     Procedural and Factual Background**

This is a mortgage foreclosure case that was originally brought by Plaintiff George L. Martin, III ("Plaintiff" or "Martin") on August 24, 2012, in the 101st District Court, Dallas County, Texas, against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, National Association as Trustee for Mastr Reperforming Loan Trust 2005-2 ("HSBC") (collectively, "Defendants"). In his Original Petition ("Petition"), Martin alleges claims for fraudulent misrepresentation and a suit to quiet title. Martin also seeks a declaratory judgment on the grounds

that the assignment to Wells Fargo is void and injunctive relief to prevent HSBC from attempting to take possession of the property at issue located at 10311 Longmeadow Drive, Dallas, Texas 75238 ("the Property"). Defendants removed the action to federal court on September 11, 2012. On October 1, 2012, Defendants moved for dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons herein discussed, the court concludes that Defendants' motion to dismiss should be granted.

## II.     Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Analysis

#### A. Claims Based on Invalidity of Assignment

Defendants contend that Plaintiff's claims that are based on securitization[*] of his mortgage and allege violations of a Pooling and Servicing Agreement ("PSA") fail as a matter of law because Plaintiff lacks standing to assert claims based on alleged violations of the PSA. Defendants further contend that Plaintiff's quiet title claim fails because it is based on the alleged weakness of Defendants' title in the Property. As to Plaintiff's fraud claim, Defendants contend that Plaintiff has failed to satisfy Rule 9(b)'s heightened pleading requirement.

---

[*] "Securitization" refers to the "process of pooling loans and selling them to investors on the open market." *Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011).

Plaintiff does not respond directly to Defendants' grounds for dismissal. Plaintiff instead contends that he has standing to challenge any deficiency in the assignments in the chain of title and is entitled to proof that Defendants had legitimate authority and standing to foreclose. Plaintiff acknowledges that under the Texas Property Code mortgagees and mortgage servicers have authority to foreclose under a deed of trust even if they are not a "holder." Pl.'s Resp. 5. Plaintiff nevertheless maintains that when the current mortgagee or mortgage servicer is "unknown or <u>subject to dispute</u>," the mortgagee or mortgage servicer must prove that they have authority to foreclose. *Id.* 6.

Plaintiff is correct that a homeowner has standing to challenge the chain of assignments by which a party claims a right to foreclose; however, standing is limited to claims that render an assignment void, not merely voidable at the election of the assignor. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, F.3d , No. 12-50569, 2013 WL 3480207 (5th Cir. July 11, 2013) (citing *Texas Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007)). The basis for *all* of Plaintiff's claims in this case, including his fraud claim, is that Defendants lack authority to foreclose on the Property because the assignment of Plaintiff's mortgage to HSBC was made after the closing or cutoff date in violation of the PSA. Pl.'s Pet. 2-4. As noted by the court in *Reinagel*: "The Texas Supreme Court has established 'a presumption . . . that parties contracted for themselves,' which applies 'unless it clearly appears that they intended a third party to benefit from the contract.'" *Reinagel*, 2013 WL 3480207, at *5 (quoting *Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900 (Tex. 2011)) (internal quotation omitted). Here, Plaintiff does not allege or contend that he is a party or third party beneficiary to the PSA, and, even assuming that he is, any assignments made in violation of the PSA, a separate contract, would not render the assignments void but would merely entitle Plaintiff to sue for breach of the PSA. *Reinagel*, 2013 WL 3480207, at *5. Plaintiff

**Memorandum Opinion and Order - Page 5**

therefore lacks standing to challenge the assignment to HSBC on the grounds that it was made in violation of the terms of the PSA.

Further, Plaintiff acknowledges in his Petition that his loan was assigned to HSBC in May 2011, that "the mortgage servicer to Plaintiff's loan was Wells Fargo"; and that Wells Fargo was acting as the servicing agent for HSBC. Pl.'s Pet. 2-3. Plaintiff's allegations in this regard are supported by documentation attached to his Petition. *Id.* Exh. C-D. Thus, the mortgagee and mortgage servicer in this case are not "unknown." Moreover, in Texas, "either a mortgagee or mortgage servicer may administer a deed of trust foreclosure." *Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1, n.1 (5th Cir. Mar. 28, 2011) (per curiam) (citing to Tex. Prop. Code §§ 51.0002, 51.0025). Accordingly, Plaintiff's pleadings establish that HSBC, as mortgagee, and Wells Fargo, as mortgage servicer, had authority to foreclose on the Property, and Plaintiff's claims, based on the contention that Defendants lack authority to foreclose on the Property, fail as a matter of law.

Additionally, Plaintiff's quiet title claim fails as a matter of law because, as Defendants correctly note, this claim is based on the alleged weaknesses in Defendants' title as opposed to Plaintiff's superior title in the Property. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766-67 (N.D. Tex. 2012) ("The plaintiff must recover on the strength of his own title, not on the weakness of his adversary's title.") (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. Corpus Christi 2001, no pet.)). Plaintiff has therefore failed to state claims upon which relief can be granted, and Defendants are entitled to dismissal of Plaintiff's claims for fraudulent misrepresentation, quiet title, and declaratory judgment. Having determined that Plaintiff's claims

fail as a matter of law for the reasons discussed, the court need not address Defendants' contention that Plaintiff's pleadings fail to satisfy Rule 9(b).

B.  **Injunctive Relief**

Defendants contend that Plaintiff is not entitled to injunctive relief because he has not demonstrated a substantial likelihood of success on the merits. The court agrees and concludes that its determination as to Plaintiff's claims **moots** the request for injunctive relief.

IV.  **Amendment of Pleadings**

In his Response to Defendants' Motion to Dismiss, Plaintiff requests that he be permitted leave to amend his pleadings. For the reasons set forth, leave to amend will not be allowed.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller* v. *Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff has not previously amended his pleadings; however, because the court has ruled that his claims based on fraud, quiet title, and declaratory judgment fail as a matter of law, no amount of artful or creative pleading of facts will permit him to state claims upon which relief can be granted. Thus, further attempts to amend these claims would be futile and unnecessarily delay the

resolution of this action, which has been pending almost one year.  Accordingly, the court will not allow Plaintiff an opportunity to amend his pleadings as to these claims.

V.      **Conclusion**

For the reasons herein stated, Plaintiff has failed to state claims upon which relief can be granted, and the claims asserted fail as a matter of law.  The court therefore **grants** Defendants' Motion to Dismiss Plaintiff's Original Complaint (Doc. 5), **dismisses** this action **with prejudice**, and **denies** Plaintiff's request for leave to amend his pleadings. The court also **denies as moot** Plaintiff's request for injunctive relief.  The court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 23rd day of July, 2013.

*[signature]*

Sam A. Lindsay
United States District Judge